UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TANGLETOWN, LLC,

    Plaintiff,

v.

UNDERWRITERS AT LLOYD'S, LONDON,

    Defendant.

CASE NO. C06-846C

ORDER

This matter comes before the Court on Plaintiff Tangletown, LLC's Motion to Remand to State Court (Dkt. No. 6). Having reviewed the materials submitted, and concluding that oral argument is not necessary, the Court hereby orders Plaintiff's motion is DENIED for the following reasons.

**I. Background**

Plaintiff was the developer of the Tangletown Condominiums. On June 7, 2004, the Tangletown Condominium Owners Association filed suit against Plaintiff for construction defects; in turn, Plaintiff filed a third-party complaint against the general contractor, Titan Construction Corporation. Titan was insured by Defendant Lloyd's of London. Plaintiff filed the present suit against Defendant on June 29, 2005, alleging that Titan's policies with Defendant covered Plaintiff as an additional insured and that Defendant breached its duty to investigate and defend Plaintiff in the construction defect action. The complaint did not make a specific monetary demand; instead, it stated that "[a]s a further consequence of

ORDER – 1

their [sic] bad faith conduct, Defendant is obligated to pay the full amount of any judgment, settlement, or verdicts against, or entered into by, Tangletown, LLC." (Compl. ¶ 17.)

Plaintiff filed a First Amended Complaint on June 2, 2006. This time, Plaintiff requested a specific sum—$1,745,931.50—based on a stipulated judgment entered into between Plaintiff and Defendant's insured, Titan. On June 19, 2006, Defendant filed a notice of removal to federal court, on the basis of diversity jurisdiction. Plaintiff does not challenge that diversity jurisdiction exists. Instead, it challenges that Defendant's removal was timely under 28 U.S.C. § 1446.

## II. Analysis

The procedure for removing a matter from state to federal court is governed by 28 U.S.C. § 1446. If the basis for removal is clear from the initial pleading, the notice of removal must be filed within thirty days of defendant's receipt of the complaint or service of summons. *Id.* § 1466(b). If the complaint does not reveal a basis for federal jurisdiction, however, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

The Ninth Circuit recently formulated three possible removal scenarios in a diversity case—1) the case is clearly removable on the face of the complaint, 2) the case is clearly *not* removable on the face of the complaint, or 3) "it is unclear from the complaint whether the case is removable." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005). This third scenario is referred to as an "indeterminate pleading," *id.*, and is the one at issue here.[1]

*Harris* considered whether the "jurisdictional facts supporting removal of an action from state

---

[1] For this reason, Plaintiff's reliance in its Response on the unpublished disposition *Rubstello, Inc. v. Transp. Ins. Co.*, No. 05-0688, 2005 WL 1503924 (E.D. Cal. 2005), is misplaced. In *Rubstello*, diversity jurisdiction was apparent on the face of the initial complaint. *Id.* at *3. Since the initial pleading was indeterminate in the present case, *Rubstello* is inapplicable.

ORDER – 2

court to federal court must be apparent from the face of the initial pleading or whether the mere spectre of removability triggers a duty of inquiry." 425 F.3d at 690. Robert Harris filed a claim against two defendants, an insurance company who denied him benefits under a disability insurance policy, Bankers Life and Casualty Company, and the insurance agent who had sold him the policy in the mid-1970s, Kenneth Brown. Though Harris and Bankers were diverse, the initial complaint did not state a current place of citizenship for Brown, because his whereabouts were unknown. *Id.* at 691.

Brown's whereabouts continued to be unknown for nearly nine months after the filing of the initial complaint, and Brown remained unserved. *Id.* When it became clear that Harris had effectively abandoned his claims against Brown, Bankers filed a notice of removal, which Harris subsequently challenged as outside the 30-day limitation set by § 1446(b). *Id.* at 692. Harris claimed that though his initial complaint did not provide a current place of citizenship for Brown, Bankers was under a duty to investigate the necessary jurisdictional facts within 30 days of the filing of the indeterminate complaint. *Id.* at 693.

The Ninth Circuit declined to impose on defendants an obligation to look beyond the four corners of an indeterminate pleading to determine whether there was a basis for federal jurisdiction. It held:

> [N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, *not through subjective knowledge or a duty to make further inquiry*. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, . . . the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Id.* at 694 (emphasis added). *Harris*'s bright-line rule increases certainty and predictability. Such a rule also prevents the removal determination from becoming a mini-trial as to the defendant's subjective knowledge. *See Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) (cited with approval in *Harris*, 425 F.3d at 695).

More saliently, a bright-line rule prevents gamesmanship in pleading. Since the plaintiff is the master of her complaint, she can avoid having her case heard in federal court by demanding less than

ORDER – 3

$75,000, or choosing defendants with diversity in mind. Attempting to avoid removal through indeterminate pleading, however, is not appropriate. As noted by the Eighth Circuit, the rule adopted in *Harris* "prevents a plaintiff from disguising the amount of damages until after the thirty-day time limit has run to avoid removal to federal court." *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000).

Despite Plaintiff's contention that "[t]he facts of *Harris* are so distinguished [sic] from this case that it is difficult to understand why London cited *Harris* in its brief," *Harris*'s rule for indeterminate pleadings controls here. It was not clear from the face of Plaintiff's initial complaint that the amount in controversy exceeded $75,000 as required for diversity jurisdiction. 28 U.S.C. § 1332. The complaint's demand that "Defendant is obligated to pay the full amount of any judgment, settlement or verdict taken against, or entered into by, Tangletown, LLC" does not state an amount in controversy, so it does not make the basis for diversity jurisdiction "apparent from the face of the complaint." *Harris*, 425 F.3d at 693. Thus, it was an indeterminate pleading, and defendants could file a notice of removal within thirty days of receipt of an amended pleading, motion, order or other paper from which it could be ascertained from the face of the document that over $75,000 was in controversy.[2]

It is not necessary to fully explore the scope of § 1466(b)'s "amended pleading, motion, order or other paper" to conclude that the documents submitted by Plaintiff were insufficient to trigger the commencement of the thirty-day period. First, while the Ninth Circuit has not considered the question, "[c]ourts in the Ninth Circuit tend to follow the 'paper in the case' rule for determining when the thirty-day provision commences to run." *Hudson v. Pinkerton Sec. Servs.*, 2004 U.S. Dist. LEXIS 19491 (D. Cal. 2004). Thus, there is some support for the proposition that the "paper" that triggers the thirty-day period must be an "official" filing. *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (D. Cal.

---

[2] Plaintiff's arguments largely concern when Defendant "knew" or was "on notice" that the amount in controversy exceeded $75,000. These arguments are unavailing, since they ignore *Harris*'s holding that a defendant's subjective knowledge that a case is removable is irrelevant to the determination of when the thirty-day period begins. 425 F.3d at 694. Instead, the question is when Defendant received a pleading or paper from which the amount in controversy could be ascertained.

ORDER – 4

1988) ("The elements of removability must be specifically indicated in *official* papers before the statutory period begins to run." (emphasis added)); *see also Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994) (interpreting "other paper" to include a reply brief filed in the removed action, but not a consent decree filed in a related action); *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir. 1989) (holding that the thirty day period was not triggered by documents that were not made part of the state court record). Plaintiff cites to several cases from the district courts in the Fifth and Eleventh Circuits interpreting "other paper" to include settlement documents and demand letters, but is unable to cite any such precedent closer to home. Nor has this Court's research uncovered any such precedent.

Moreover, the documents submitted by Plaintiff in support of its contention that Defendant was on notice that the amount in controversy exceeded $75,000 all concern the suit filed against Plaintiff by the Tangletown Condominium Owners Association, and the related third-party action against Titan. Even if the Court were inclined to interpret "other paper" to include informal correspondence between the parties, this correspondence does not suffice. Two of the letters are from the end of 2004, before Plaintiff even filed the complaint against Defendant. Correspondence exchanged prior to the initial pleading fall outside the scope of "other papers." The letter dated June 30, 2005, a day after the complaint was filed, is a demand letter sent by counsel of the Condominium Owners Association to Defendant's counsel, offering to waive certain claims the Association had against Defendant in exchange for tender of the policy limit of $1,000,000. The demands of the Condominium Owners Association, not a party in the present suit, cannot establish what Plaintiff's demands on Defendant will be in a different suit. Likewise, the settlement agreement and judgment between Plaintiff and Titan cannot establish the amount in controversy between Plaintiff and Defendant in a different suit. Finally, the letter dated August 10, 2005, concerns an insurance policy that is not involved in the present suit, so it also cannot establish the amount in controversy here.

While the Court is cognizant of the canon that removal statutes should be construed strictly against removal, and that doubts about removal must be resolved in favor of remand, *Duncan v. Stuetzle*,

ORDER – 5

1 | 76 F.3d 1480, 1485 (9th Cir. 1996), there can be no such doubts here.

2 | The Court takes notice of Defendant's Motion to Strike, but considers the contested portions of

3 | the Declaration of Emily Schultz and Exhibits A and B only for admissible purposes.

### III. Conclusion

Plaintiff Tangletown, LLC's Motion to Remand to State Court is DENIED.

SO ORDERED this 25th day of September, 2006.

John C. Coughenour
United States District Judge

ORDER – 6